May it please the court. My name is Sarah Gorman and I represent the appellant Jose Israel Lopez-Diaz. I do intend to reserve two minutes for rebuttal, although I do understand I will be... All right, well, good luck. We'll try. The district court misapplied the minor role provision of the United States sentencing guidelines and erred in denying Mr. Lopez-Diaz request for a minor role reduction by failing to apply the correct legal standard. Mr. Lopez-Diaz's role in the offense should have been compared with other participants in the smuggling activity. Before you get to that, counselor, answer a question which is pretty important to me, and that is, as I read Rojas Milan, and that might be an Idaho production of that name, I don't know what it really is, but it's R-O-J-A-S-M-I-L-A-N. As I read that, it says a district court's finding that a defendant is not a minor participant in the criminal activity is a factual determination reviewed for clear error. You agree with that? I do agree with that, your honor. So then we're really looking at whether this district court made a clear error in its factual finding. That's actually not what I am saying. In Rojas Milan, the court also... Oh, but just a minute. Are we looking as to whether your client was a minor participant or not? We're looking at whether the court used the correct legal standard. Are we looking at whether your client was a minor participant? We're looking at whether the court used the correct legal standard in making that determination. Factual findings are subject to finding one a minor participant or what you're arguing, because this is very clear. A defendant is not a minor participant. The district court's finding on that is a factual determination reviewed for clear error. What I am arguing, your honor, and which is also consistent with United States v. Rojas Milan, that the district court's understanding and implementation of the adjustments are legal questions and are subject to a de novo review. So what I'm arguing... Saying that he misapplied the law? He misinterpreted the guidelines. It was the law, right? Excuse me, your honor? He put the right law there, correct? He employed the improper legal standard when looking at how to apply the minor role provision. As I understand it, it's an abuse of discretion, even the application of the guideline. The application of the guidelines to the facts is abuse of discretion. And so therefore, that's what you're arguing? That is not what I'm arguing. I'm arguing that... What law did he misapply? He misapplied the standard of how minor role is to be interpreted. Just a minute. If he misapplied, we're at abuse of discretion. He applied the standard which was in the guideline. He applied that to these facts. If that is what he did wrong, that's abuse of discretion. If the facts are wrong, it's clear but whether the district court interpreted or applied the guidelines correctly is a de novo question. And that is... Where do you find that? I read Milan and frankly, that's Rojas Milan. Frankly, that's why I'm asking you the question. Yes, your honor. The court's application of the guidelines under Rojas Milan is reviewed for abuse of discretion. Your honor, it's under Rojas Milan. It's also under United States versus Aguila Montes de Oca at 655 F3D 915, United States versus Rodriguez, Rodriguez at 393 F3D 849. I guess this argument you're making here, I've had a tough time with because there's no question he knew what the law was that relates to minor role reduction. There's no question that he then applied what that law was to facts that were in the record. And it's no question that if I look at that Rojas Milan, the finding of a minor participant is reviewed for clear error. So therefore, I'm having a tough time understanding why it shouldn't give pretty much deference. Even if I would say it was an application of the law, I would still give pretty much deference to the district court. Your honor, where I'm saying that the district court erred is that when looking at the minor role provision and evaluating an average participant, the district court judge evaluated Mr. Lopez Diaz in terms of other average couriers and not in terms of average participants in this criminal activity. Well, okay. I think you're, but I, but I think what I'm also struggling with is sort of cherry picking things in the sense that it's the defendant's burden on minor role, right? That's correct. Okay. So then the court stuck with whatever is before the court. And, and if you look at clearly erroneous in a factual determination, why is it clearly erroneous here for the district court, the defendant had access to a house where drugs are prepared, uh, knows some facts about the organization, how they smuggle drugs, has a cell phone provided to him by the organization and has smuggled drugs on at least four occasions. Well, your honor, I think that the 2015 guideline amendments are very instructive on how the sentencing commission wants those, those facts that your honor identified. All right. All right. It says, all right, they do set certain things out, but it doesn't change the case law in the ninth circuit and you're arguing certain cases. So we still have the case law and many of the things in the case law. And I think that what judge Smith is talking about were things that the court talked about here. Well, what the court did was identify facts. The court identified all of the facts that your honor, um, your honor just mentioned. However, the court did not go into the analysis of how does that then affect what Mr. Lopez Diaz knew? The new guideline amendments are instructive in what the sentencing commission wants the district courts to be focusing on is what, what did Mr. Lopez Diaz know about the scope of the criminal organization? Well, and all of those things are talked about here. And so I'm struggling with the standard that I think all of the defendants want to put out here in, I mean, I was a trial judge. You're looking at a trial judge here as well. And, and actually there's a lot of instances, as you know, with trial judges, let's say, you know, judge Smith is an easier sentencer than I am. And there would be a lot of sentences. We could come up with different sentences and you still wouldn't be able to say that one of us was wrong. You know, I mean, it's not, and it's true that the amendment was trying to find more continuity here, but the amendment can't change the law that already existed. And the amendment can't make judge Smith and judge look, you know, exercise our discretion. And so what I'm seeing here is that, you know, all of the defendants on various things are saying, what if a defendant doesn't, you know, what if a defendant, and many of them don't, want to, don't want to talk too much about the structure here? So they only give you certain things about the particular structure, because they don't want to be a snitch. All right? And so, but it's the defendant's burden. So we're stuck on some level. And all of these judges have sentenced a lot of different people. And so then the first thing, if they're looking at different cases where someone was getting paid $100,000, or someone like your client that maybe admits to having done this for four times, there's differences in all of these cases. But then the argument is, well, that you're somehow comparing them to hypothetical people. And so you can't consider your experiences with couriers in different cases. Defendants don't want to tell you anything about the king — just go ahead. I know I'm taking some — the kingpin, and they don't want to say all of these things. And then you're stuck with the facts that I've mentioned here. And then you want to say that it's clearly erroneous and apply a de novo standard. So it's — it kind of defies what sentencing judges have to do. Well, I think, Your Honor, in this case, Mr. Lopez-Diaz did actually identify others that were involved who were certainly more culpable than he was. But I think what's also instructive to the court is that — But is he allowed to walk away from the fact that he's done it three times before? He is not, but his role — He admits that. He did admit that. But his role did not change in any of those instances. He did not suddenly have more decision-making authority or obtain a proprietary interest in the drugs or in any — his role — But if you've done it four times, are you more minor than someone that only did it one time under the same factual predicate of everything's the same? I think that's where the scope of the mitigating role guideline comes into play, where we have minimal participant all the way from a minus-one reduction all the way to a minus-four. And we never said that Mr. Lopez-Diaz was a minimal participant, but we certainly said that he had a minor role in comparison to all of those involved in the drug smuggling activity in which he was involved. What do I do with United States v. Rodriguez Castro, which says right on his face, holding that the quantity of drugs may be sufficient grounds on its own for denying the minor role reduction? I think — It seems to me the judge looked right square at the amount of drugs in this particular situation and said, no minor role reduction because of the amount of drugs. Well, and, Your Honor, I think with the new guideline amendments, that is, in fact, not the proper analysis. The guideline amendments do state — You think the guideline amendments change United States v. Rodriguez Castro? I think they do change the analysis. Well, we can't overrule that case. As a three-judge panel, we have to go on bonks. So you're saying that the guideline amendment overrules those cases? That's a tough one to sell. I think it's binding commentary, and I think that the analysis — when the guidelines The binding commentary overrules Ninth Circuit precedent. I do believe that's the case here, Your Honor. The Supreme Court does. Let me go one further. Supposing that I go with you. Supposing I would go with you as far as you want to go, and let's suppose that there was error. I want to talk about harmless error. If I'm talking about harmless error, I'm talking about what did the district court do? I read what the district court said. The district court was pretty straight in what he said, and, in fact, was very, this is as much I'm going to do. Not only this is as much as I'm going to do, but I'm not going to give you the minor role reduction, but after I don't give you the minor role reduction, I'm going to talk to you about things that I think are important in this particular case. And then, after going through all of that, he says I'm imposing a 57-month sentence. So I looked at the minor role reduction, and I took two off of the offense level, and I said, what would be the range if I took the minor role reduction? As it turns out, the range, 57, is the lowest value in the range if he'd have given you what you want. After all the district court said about why they get there, why is it not harmless error when he gave you the lowest value in the range of what you want anyway? Your Honor, actually, had the district court given a minor role reduction with the minus two. That would have also triggered the role cap under 1D1.3. So the plus two for methamphetamine would never have been applied as it was without the minor role, and he would have gone from a base offense level 34 down to a base offense level 31, would have also received the minus two for minor role, the minus two for safety valve, the minus three. Now, just a minute. You're suggesting that in all of those circumstances, then, he would have naturally given him all the other things that he gave him anyway. Is that what you're saying? Yes. The government agreed to the safety valve, the government agreed to the minor role, and he would have received the acceptance of responsibility based on the government's motion. In the plea agreement was also the minus four for fast track. So it is true. The government recommended a minor role in this case. That is true. The government recommended that based on Mr. Lopez Diaz's post arrest statement, as well as his written statement provided to the government. I guess the big problem is when I'm looking at harmless error based on the case law, I look at what the court says. I look at what the court does. The court said no minor role. Then the court went through all kinds of extra stuff to make sure that the court could get the sentence it wanted to impose. Going way below the range, going down to a 57-month sentence, it was interesting that when I applied the two-level reduction, that was the lowest value in the range. That seems to me to say, why should I send that back to a district court to rethink it? Well, Your Honor, I think what's important to recognize is that he wouldn't just have received the minus two minor role reduction. That would have triggered. But that assumes that he would do the other things the same. I mean, haven't you seen judges think sort of a little bit globally and say, I think this is worth about this much, and how am I going to get there? He wouldn't have to give all the other ones exactly. He wouldn't have to fashion the sentence that way, would he? Well, under the guidelines, it's automatically triggered, the guideline, the cap going from 34 down to 31 in this case, and not receiving the meth enhancement. So his guideline range in that case would have been 33 to 41 months. And then had the court taken into account all of those 3553A factors that Your Honor has mentioned, it's very possible he could have received a lower sentence. So what you're saying is he fashioned those, and in my book, Reading the Record, he fashioned those to get where he wanted to go. He went exactly to the range he wanted. He went exactly to the lowest value in that range. And I'm wondering why it's not harmless there and why send it back. Because Judge Burns, in getting to that sentence, did not apply the appropriate legal standard. He identified facts, but then did not say what those facts mean in terms of what Mr. and what his role was, consistent with the analysis and guidance provided by the 2015 Guideline Amendments. We've taken you about five minutes over, but I'm going to give you two minutes for rebuttal because I think you're helping everyone else. You're having, and thank you for answering, you know, I mean, I think it will help the people that follow you to get an idea of the things that we want to talk about. So thank you. And I'll give you two minutes for rebuttal. We'll hear from the government. Good morning. Good morning. May it please the Court, Daniel Zip on behalf of the United States. Your Honors, for the last 25 years, this Court has established a body of case law to answer the specific question at issue in these cases. When does a defendant arrested at the international border bringing narcotics into the country qualify for a minor role reduction under 3B1.2? To answer that question, this Court has established a series of benchmarks or factors for courts to consider, including the amount of drugs involved in the offense, the number of times a defendant had done it before, steps taken, including registering a car ahead of time, and the amount that a defendant has been paid. Well, now, does the amendment change our case law? It does not, Your Honor. That was the next point I was going to make, is that the 2015 amendments to the guidelines do not fundamentally change that body of case law in a way that would render what the district court did and what the factual determination in this case to make that clearly erroneous. What was the purpose of the amendments? Well, there was five, essentially five separate changes that the commission made. A number of those appeared to be intended to bring other circuits in line with this circuit. For instance, the first one, as far as what's the correct comparison to make, the Court held that the Ninth Circuit and the Seventh Circuit had it right, and the proper comparison, starting back with Webster, or with Benitez, is to compare against the average participant in the criminal activity, not against this hypothetical average participant. Wasn't it a statement made that too many people were not given the minor role? Yes. I think on the fourth change, which is the one that would be the best argument for why it should apply here, is the Court did provide a list of five factors for courts to consider in determining minor role. In that context, the commission did say that this was intended to provide uniformity and to essentially increase the number of times that it's applied. But those five factors, first of all, the commission indicated that that framework was intended particularly for fraud cases, and there's nothing in those five factors that's inconsistent with this Court's case law on this specific question in an international drug courier context that would be clearly irreconcilable. Well, what troubles me then, why did the government recommend a minor role reduction in this case? Your Honor, I think the question for this Court is not whether the United States recommended how this Court would even decide the issue of sitting as a trier fact. The question here is it's a clear error review, and the question is, was the district Court's determination plausible in light of the record as a whole, regardless of what the United States recommended? It's a clear error. They were giving me all the reasons why you shouldn't have a minor role reduction, and yet the government recommended a minor role reduction. That's what seemed inconsistent to me. Well, the bottom line is, though, you don't, whether you tell us to do less or more, you don't get to tell us what to do, right? I mean, you can make your recommendations, but ultimately, as a sentencing judge, I mean, we've got to apply the proper legal framework, but I think when, if, you know, if it's a clearly erroneous standard, you could see something differently than we do, but who wins? That's correct, Your Honor. Different cases, different prosecutors would recommend different things, and different judges might view the facts differently and reach a different factual conclusion, but here, when it's a clear error review, the only question is whether the district Court here made a plausible factual determination, and that was clearly the case in 2014. And even taking the guideline amendments and looking at them retroactively and judging the Court by those standards, it still wasn't clear error. It was still plausible for him to determine that this... Well, let me ask, was it error when the district Court stated it did not compare Lopez-Diaz to the leaders and organizers of this particular scheme? Well, Your Honor, if you look at the entire text of what the Court was discussing, the comparison that it made, it described a certain ladder of individuals and it described the overall comparison that it undertook in this case. Taking that specific statement out of context, defense argues, suggests he sort of lopped off that top half and didn't even consider... Well, so, what the judge said was, as a ladder with the average person being in the middle of the ladder, people of greater culpability above that and much lesser culpability below that, right? Correct. How do judges do that when you can't know everything about the organization? No one ever wants to tell you everything, and if the defendant has the burden, I'm curious, and how do you put... How can we reconcile all of this and not put behind your own experience where you see people in... You can't compare to the hypothetical courier, but by the same token, when you've seen a lot of couriers, how does a judge shut that out and comply with the law? In this specific context, it becomes fairly abstract fairly quickly. The judges can't compare against a hypothetical courier, but the Court has also held that the Court can't limit its analysis purely to other defendants that are arrested as part of the case. And in most of these cases, there are no other defendants. The case begins and ends when the courier crosses the border. So I think what the District Court did here is all that he really can do, and that's to sort of compare this defendant against all of the participants based on the judge's experience and based on what the defense has put forward that are involved in a typical drug trafficking event like this, starting all the way down in Colombia or Mexico and continuing through into the United States and all the different parties that are necessarily involved. My wife's colleague on the other end of my bench asks a very critical question to me. I got all the precedent that we have in the Ninth Circuit. I lined it up, and I tried to see if this judge had made a decision based on that precedent. I threw all that precedent at counsel right there so that she could have a chance to respond. However, now we have an amendment. The amendment does not seem exactly square with our precedent, though I think they changed the guidelines somewhat to mimic our precedent. I don't know that it's exact as to our precedent. For instance, if I look at the case of Rodriguez-Castro, the amount of the drugs is enough under that precedent. As long as the judge discusses the amount of the drugs as an independent basis, we don't have to go through all these factors. Now we have in USSG 3B12E five factors. Those five factors are pretty straightforward as to what they require. If it is retroactive, as the government suggests, can I get away with just saying, well, it followed the law as it was? Or do I have to adequately, step by step, go through the five factors to make sure the judge applied them correctly? Well, Your Honor, I think two answers to that. First, the five factors, as I mentioned before, indicated by the Commission, were particularly useful in fraud cases. And secondly, there's no requirement that every time the Commission changes a specific guideline, as they do multiple times every year, essentially, that any time a court applied that guideline, it would necessarily need to be remanded, vacated to reapply the changed clarification. There's still a fundamental step... retroactivity provision, then. Why is there it? Why did you cave? Why did you say, well, it's retroactive? You say it's retroactive, and then you say, but you don't have to apply it. You do have to apply it, Your Honor. I think the retroactivity comes from this court's analysis in the clear error context. What this court can and should do is look at these guidelines as they were changed by the Commission's 2015 amendment, and apply those changes to what the district court did here. Was the district court clearly erroneous? Was it plausible for him to deny minor role in this case, even in light of those five factors? And if you look at the factors in this specific case that the court considered, many of them are coextensive and line up with specific factors listed in the amendment. For instance, the court in this case noted the amount of plotting and premeditation and deliberation that went into this offense for a defendant who had done it three times before who had been involved with the organization for two years. That matches up with what the Commission said to look at how much the defendant understood the scope and structure of the offense, how much planning and organization the defendant had, and then the fact of the amount of drugs in this case, again, matches up with the Commission's instruction that the court should consider the amount of responsibility that a defendant was given in performing acts. Okay. Unless you have some... Another question that I think is important for you to address. What do I look at when I decide whether to apply harmless error analysis here? I mean, I tried to outline what I looked at in trying to determine if this was harmless error. If I say the district court was wrong, have I got to remand this? Or is there a harmless error analysis which can be applied which would say it still doesn't need remand? Your Honor, I'm not aware of a harmless error standard in this context. I think the question is... Well, if there's an error, if I suggest that there's an error, that 3B12C was applied wrongly, I have to remand unless it was harmless, don't I? Yes, Your Honor. So how would I then apply the harmless error standard in this case? I think if the court held that the district court in this case was clearly erroneous in denying minor role, I would agree with defense counsel. There's a number of triggers involved in this. The role cap, the plus 2 for methamphetamine, and the minus 2 for minor role, it would ultimately be a significant swing below what the court... So I'd have to remand if the court found that the... But would the court be open to, let's say that you say that certain things were clearly erroneous, but there were other factors that maybe the court didn't mention there and then went back? Is the court still couldn't find minor role? I'm sorry? Well, let's say the court didn't say something quite right here, but a particular fact could be looked at, could be explained more in terms of the five factors that you're supposed to be looked at. If the court was wrong here, is the court going to be wrong, could never find minor role? I mean, could not deny minor role when it went back? No, I don't think there's anything in the amended guideline. Because it seems to me the harmless error analysis that you're saying is that if the court was wrong here, then the court necessarily would have to give the minor role when it went back? Reduction? If the court held that it was clearly erroneous on these facts for the district court to deny minor role, then yes, when it went back that's what the court would be saying, is that you have to give... And then all of the other things are triggered from there? Correct. The court could not refashion the sentence? Everything... He could refashion the sentence, but I think that if this court instructs the district court that you are clearly erroneous and on these specific facts you must give minor role, then it wouldn't be harmless because under those situations there would be a seven level swing that would be below the 57 months that the court imposed here. The only way, what you're really telling us is the only way where the district court would be able to refashion is if we didn't review it under clear error but reviewed it either under de novo review or abuse of discretion and a misapplication of the law then he could or she could the district court then could refashion the sentence, correct? Isn't that what you're telling us? Clearly erroneous, there would be nothing left but the district court would  That's correct, your honor. Otherwise, if there's some question of law involved then at that point the district court could refashion the sentence correct? Yes but I think fundamentally in this case given the amount of drugs involved given the two years of involvement given the three prior crossings this district court was well within the range of acceptable factual determinations and when it decided to deny role that decision was certainly plausible in 2014 and it was certainly plausible even after the amendments Counsel, I have one more question. As I read Rojas Milon the way in which the district court judge and I have not been a district court judge so I have to admit to that was that he did not compare within the particular scheme the major players versus the minor players and even the government came up with a minor role participant How then when you just said well, the major players are never around they're never arrested, they're in Mexico they're someplace else are you saying then that it's never possible to do the analysis as I read Rojas Milon requires? No, Your Honor I think in Rojas Milon what the court did was compare purely to the two defendants that were in custody in the single offense and said this one is not substantially as culpable than the other end of story and the court said no, the analysis has to be broader and has to look at everyone in the criminal activity necessarily in these cases, as I mentioned, there's not often times the government and even the defendant don't have individuals that they know don't know can't point to specific people from the entire chain of the drug distribution network but what the court can do and what it did in this case is use its knowledge and apply sort of abstract but an analysis of this entire ladder of participants that are necessarily involved when you have large amounts of methamphetamine like this and getting it from Mexico into the United States, dividing it up repackaging it, selling it across the country and what the district court did here is what really only the district court, the only thing they can do and that's to sort of consider all the individual participants factor where this defendant falls on that ladder of culpability and determine whether or not he was substantially less culpable But it gets abstract sometimes because if the defendant has the burden and the defendant doesn't give you more the district court is engaging in a level of abstraction but is that the district court's fault if the defendant has the burden and doesn't give you more? No, your honor. Ultimately it is the burden falls on the defendant to prove that in the criminal activity that he's involved in, he is substantially less culpable than the average participant If, as is often the case, defendant doesn't present any other individuals, then yes he hasn't met his burden and it's not the fault of the district court Thank you I think your honor is right on point when it questions the government regarding Rojas Milan and the fact that Judge Burns did not compare Mr. Lopez Diaz to the people that he was supposed to be doing under Rojas Milan But he did say as a ladder he did talk about the ladder and if you don't tell him all the people on the ladder are he can't get that much more specific he recognized that there's above and below people He talked about the ladder but he refused to compare Mr. Lopez Diaz to those at the highest end of the ladder and he specifically said he was not going to make that comparison But did you give him a name of who was on the highest? Mr. Lopez, not of the highest but Mr. Lopez Diaz did actually provide Judge Burns with those who were above him, who he was receiving direction from He identified Juan, which was the person who recruited him, who was the person who he was most in contact with who made the phone calls to him, directed him exactly where to go He identified those who were packaging the drugs He identified the residents not the exact address, but that there was a residence where he went to and all of those people should have been considered in comparison to Mr. Lopez Diaz Just as Rojas Milán states that the district court should have considered his culpability relative to the involvement of other likely actors In that case, the court ruled that Mr. Rojas Milán should have been compared to the LA supplier and the Reno distributor And in this case, the district court flat out refused to do so. So that's the comparison and the area where Judge Burns erred in failing to make that determination And with these guideline amendments, the Sentencing Commission is trying to create some consistency I know Your Honor expressed to the government that there's an inconsistency when district court judges are applying this minor role provision, but that's exactly what the Sentencing Commission wants to eliminate and what their studies have shown that this guideline is being applied in a manner that is inconsistent, and they wish it to be applied more frequently, specifically to drug couriers Even in 2011 the Sentencing Commission provided to Congress their report with laying out the actual roles in drug smuggling organizations nine different levels with couriers and mules Excuse me, I can't tell on the clock Has it been two minutes? A little longer Okay, so wrap up your comments then, thank you With couriers and mules being at the bottom These roles have been identified by the Sentencing Commission and district courts are aware of that Thank you for your arguments This matter will stand submitted
judges: D.W. Nelson, Callahan, N.R. Smith